## DIXON *vs.* CLOW.

Where a party had an easement in the land of another, viz. the right to cut a ditch or watercourse, *it was held* that the owner of the land had the right to erect fences across the water course, and that if the other unnecessarily or wantonly removed them, he was liable in *damages,* and that the owner, for such removal of the fences, was entitled to recover, though *no actual damage* was proved. Every unauthorized entry upon the land of another is a *trespass* for which an action lies, though the damages be merely *nominal.*

ERROR from the Cayuga C. P. *Dixon* brought trespass *quare clausum fregit,* against *Clow* in the court below, and declared for breaking and

entering his close on several occasions, pulling down his fences, &c. On the trial the defendant justified under a grant for a ditch or water-course over the plaintiff's land. On the 22d April, 1832, the plaintiff, by deed, for the consideration of $200, conveyed in fee to one *Garlick*, whose title the defendant had subsequently acquired, a piece of land in the town of Brutus, 100 feet long and 70 feet wide, together with the right and privilege of taking the water from the Cold Spring brook which ran through the plaintiff's farm, for the purpose of carrying water works to be erected on the piece of land granted. The water was to be carried about half a mile over the plaintiff's land, in a canal to be constructed for that purpose, not more than six feet wide at the bottom. The course of the canal was specified, and at one point there was to be a dam for the purpose of turning the water. The grant was made subject to the rights of the state in a feeder to the Erie canal. In the spring of 1838 the defendant entered and constructed about twelve chains in length of the canal or ditch, making it about three feet wide at the bottom, and built a *dam by which the water [ *189 ] was turned into the ditch, and on two or three occasions he threw down the plaintiff's fences and opened and exposed his field to the road. He removed four lengths of fence at two places where the fence passed across the site of the ditch, and this at a time when he did not enter with teams. In the summer of 1838 repairs were made ; and the defendant through the season went almost daily to the dam to shut the gate and regulate the flow of the water. Evidence was given tending to show that the defendant had exceeded the authority conferred by the grant ; but the plaintiff did not show that he had sustained any particular amount of damages. The plaintiff requested the court to instruct the jury, 1. That the grant only gave the right to enter on the plaintiff's land for the purpose of digging and repairing the ditch ; 2. That the plaintiff had the right to include the ditch in fencing his fields, and that the defendant had no right to remove the fences except when it was necessary to enter with teams, restoring the fences again when the repairs were made ; 3. That the defendant had no right by the grant to an open way along the water course ; and 4. That the jury had a right to presume damages from the acts proved. But the court refused so to charge ; and instructed the jury, that they doubted much whether the jury could find a verdict for the plaintiff, when he not only had not proved *any sum* as damages in consequence · of the defendant's acts, but after being enquired of by the court whether he intended to prove *the amount* of his damages, his counsel answered that he did not intend to offer any proof of *the amount* of damages. On the subject of the grant, the court charged, that Garlick and his assigns had the full right to enter upon the premises described in the deed, along the course of the ditch, for constructing and repairing the same, and that the plaintiff had no right to build any fence that should

run across the bank and the ditch, thereby obstructing the defendant from free access to the ditch up and down the same, for the purpose aforesaid ; that if he had a right to build any fence, he might bulid a stone wall, and then the defendant could not get to his ditch to repair ; that the [ *190 ] defendant had a right to go along the line of his ditch without *obstruction for the purpose aforesaid. To the charge, and to the refusal to charge as requested,he plaintitff excepted. The jury found a verdict for the defendant, and the plaintiff now brings error.

*J. Porter*, for plaintiff in error.

*A. Gould*, for defendant in error.

*By the Court*, BRONSON, J. The defendant has an easement in the plaintiff's land, and must be allowed to enjoy it in such a manner as will secure to him all the advantages contemplated by the grant. But he must so use his own privileges as not to do any unnecessary injury to the plaintiff. It is evident from the prior right of the state, the small amount of consideration in the deed, and the capacity of the ditch, so far as it has been constructed, that only a very small quantity of water was to be conducted over the plaintiff's land ; and that the " water works" or machinery to be erected on the defendant's lot were of no great extent or importance. I cannot think that a reasonable construction of this grant, which in effect, gives the defendant an unobstructed right of way along the ditch, and 'compels the plaintiff either to throw open his fields, or to erect a fence on both sides of the canal for the whole distance of half a mile that it passes over his land. If the plaintiff may include the ditch in his fields, by extending across the banks a fence which can easily be removed in case of necessity, it does not follow that he can build a stone wall which will wholly exclude the defendant from his water course. The court held that the plaintiff had no right to build any fence that should run across the bank. I cannot see that this is a necessary conclusion of law on the facts detailed in the bill of exceptions. The case should, I think, have been submitted to the jury to say, whether the acts of which the plaintiff complains were necessary to the enjoyment of the defendant's privileges, or whether he acted wantonly, and did an unnecessary injury to the plaintiff.

II. If the plaintiff succeeded in showing an unlawful entry [ *191 ] *upon his land, or that his fences or any portion of them were improperly thrown down and his fields exposed, he was entitled to a verdict for nominal damages at the least. It was not necessary for him to prove a *sum*, or that any particular *amount* of damages had been sustained ; and the charge was in this respect improper. From the pleadings and the course of the trial, it is evident that the action was brought for the pur-

pose of trying the extent of the defendant's right. It is suggested, and is probably true, that a suit was first commenced in a justice's court, where the defendant pleaded title, and thus made it necessary for the plaintiff to sue in the common pleas. But however that fact may be, every unauthorized entry upon the land of another is a trespass, and whether the owner suffer much or little he is entitled to a verdict for some damages.

Judgment reversed.